97 F.3d 1463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Del Pilar VILLAVICENCIO-CASTILLO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70708.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1996.*
Decided Sept. 12, 1996.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, INS No. Avq-xde-lnw.
 INS
 REVIEW DENIED.
 Before: SNEED, JOHN T. NOONAN, Jr., and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Del Pilar Villavicencio-Castillo petitions for review of the Board of Immigration Appeals' (BIA) denial of her application for political asylum and withholding of deportation. The BIA determined that Villavicencio did not demonstrate past persecution or a well-founded fear of future persecution on the basis of her political opinion. We have jurisdiction under 8 U.S.C. § 1105a, and we deny review.
 
 
 3
 Because the BIA conducted a de novo review of the record and made an independent judgment about whether Villavicencio is entitled to asylum or withholding of deportation, we review only the BIA's decision. Yepes-Prado v. INS, 10 F.3d 1363, 1366-67 (9th Cir.1993); Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991).
 
 
 4
 Villavicencio first contends the BIA abused its discretion by failing to set forth adequately its reasons for the denial of her application.
 
 
 5
 The BIA "must state with sufficient particularity and clarity the reasons for denial of asylum." Castillo v. INS, 951 F.2d 1117, 1121 (9th Cir.1991). Although there are no "steadfast rules regarding what constitutes an adequate Board decision," the BIA's decision must be sufficiently specific to allow this court to conduct a proper review for substantial evidence. Id.
 
 
 6
 In its decision, the BIA adequately set forth the reasons for its denial of Villavicencio's application. The BIA set forth the evidence presented by Villavicencio and the incidents she contends demonstrated persecution. The BIA explained this showing failed to establish past persecution, or a well-founded fear of future persecution, warranting asylum.
 
 
 7
 On the merits, Villavicencio contends the BIA erred by determining that she failed to demonstrate either past persecution on account of her political opinion or a well-founded fear of future persecution. We review the BIA's determination for substantial evidence. Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996). "To obtain reversal, [Villavicencio] must establish that the evidence not only supports the conclusion that she suffered persecution or has a well-founded fear of persecution, but compels it." Id.
 
 
 8
 Substantial evidence supports the BIA's determination that Villavicencio was not persecuted on the basis of her political opinion. The BIA reasonably could have determined that the reason for the alleged harassment was because Villavicencio quit her position with the Sandinista police without approval. The evidence does not compel a determination that the Sandinistas persecuted her because they believed that, by her desertion, she was sympathetic to an opposing political party.
 
 
 9
 Further, the conduct described by Villavicencio does not rise to the level of "persecution." Villavicencio alleges the following amounted to persecution: (1) she was threatened with detention if she left her employment, (2) she was told she would be considered a Contra if she left her employment, (3) one year after she quit her employment, members of the Sandinista police ransacked her parents' home and asked where she was, and (4) her food card was confiscated. This alleged conduct does not satisfy the standard for a showing of persecution. See id.
 
 
 10
 Nor did Villavicencio establish that she had a well-founded fear of future persecution if returned to Nicaragua. To establish a well-founded fear of persecution, Villavicencio must present "credible, direct, and specific evidence of facts supporting a reasonable fear of persecution." Acewicz, 984 F.2d at 1061 (quotations and citation omitted).
 
 
 11
 The evidence before the BIA indicated that a new coalition government had succeeded the former government of the Sandinista party.[1] Villavicencio did not present evidence that, since the change in government, persons similarly situated have suffered persecution. Further, several members of her family have remained in Nicaragua and there is no evidence that her family members have suffered retribution or persecution beyond the single incident when the home was ransacked. Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990) (explaining fear of persecution undercut when family remains unharmed in country).
 
 
 12
 Villavicencio's application for withholding of deportation, also was properly rejected. To qualify for withholding of deportation, Villavicencio had to satisfy a more stringent standard than that required for a grant of asylum. Fisher, 79 F.3d at 961. Villavicencio had to demonstrate "a clear probability of persecution." Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995) (quotations and citation omitted). Because Villavicencio did not satisfy the more lenient standard for a grant of asylum, she necessarily failed to satisfy the more exacting standard for withholding of deportation. Id.
 
 
 13
 Review DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Villavicencio argues that the IJ erred by taking administrative notice of the change in government. However, because the BIA conducted a de novo review and Villavicencio had an opportunity to and did address the effect of the new government, any alleged error committed by the IJ was harmless. Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995)